SIX THOUSAND TWO HUNDRED AND FIFTY CIGARS (UNITED STATES v.). See Case No. 16,304.

SIXTY FIVE-EIGHTHS CARATS BRILLIANTS (UNITED STATES v.). See Case No. 16,305.

SIXTY-FOUR BARRELS DISTILLED SPIRITS (UNITED STATES v.). See Case No. 16,306.

SIXTY-NINE BARRELS (UNITED STATES v.). See Case No. 16,307.

---

## Case No. 12,920.

### SIZE et al. v. CURTIS.

[1 Lowell, 110.] [1]

Circuit Court, D. Massachusetts. May Term, 1866.

INTERNAL REVENUE — NEW DUTIES — RIGHT TO ADD TO CONTRACT PRICE—CHANGE OF TAX.

While the internal revenue law of 1863 [12 Stat. 713], which laid a duty of two per cent upon ships, was in force, a ship-builder contracted to sell a vessel which he was then building for a certain sum "which shall be in

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

full." Not long before the ship was completed, the statute of 1864 [13 Stat. 223] was passed which laid a duty of two per cent. upon the hulls of ships, the effect of which was that the builder paid upon the hull only, instead of upon the whole ship. *Held*, that he could not recover of the purchaser the amount of the tax, as provided by section 94 of the new act, for duties imposed by that act and not provided for in the contract, because the tax was merely changed and reduced, and not imposed by the new statute.

Assumpsit. From the agreed facts it appeared that the defendant [Paul Curtis], a ship-builder, contracted for the sale of an unfinished vessel to the plaintiffs [Edward F. Size and others], and the parties exchanged notes of the contract, which were substantial counterparts of each other, and of which one part was as follows:

"East Boston, May 9, 1864. For value received, I, Paul Curtis, agree with Edward F. Size, John Chase, and John S. Pray, to sell them the ship I now have on the stocks, nearly completed, for eighty-one thousand five hundred dollars, equal to cash, when the ship is completed, which shall be in full, to have a tank and bilge pumps, and to be fitted as I usually fit my ships, that is, one suit of every thing complete."

The ship was completed and delivered early in July, 1864, and presently afterwards the assessor of the district, in accordance with information given him by the defendant, assessed upon her as the property of the plaintiffs an excise tax in behalf of the United States. The plaintiffs insisted that the tax should have been assessed to and paid by the defendant; but the officers of the revenue refusing to go into this question, they paid the amount, and brought this suit to recover it of the defendant. And it was agreed between the parties, that if the tax should properly have been assessed to and paid by the defendant, and if he would in that event have had no recourse over upon the plaintiffs therefor, judgment was to be rendered for the plaintiffs for the amount so paid by them, with interest; otherwise, they were to be nonsuited.

D. Thaxter and S. Bartlett, for plaintiffs.
E. Wright, for defendant.

LOWELL, District Judge. By the ninety-fourth section of the act of June 30, 1864 (13 Stat. 267), by virtue of which, as both parties agree, and as is obvious, this tax was assessed, the manufacturer or producer of the various articles therein mentioned is to pay a duty upon them. Among other articles are the hulls of ships, on which are to be paid two per cent ad valorem. The assessment, therefore, should have been made to the defendant, who was the manufacturer of the hull of this ship, and the tax should have been paid by him. But he alleges that he would have been entitled to recover the amount of the plaintiffs under the 97th section of the same act (13 Stat. 273), which, so far as material to this case, is as follows:

"That every person, firm, or corporation, who shall have made any contract prior to the passage of this act, and without any provision therein for the payment of duties imposed by law enacted subsequent thereto, upon articles to be delivered under such contract, is hereby authorized and empowered to add to the price thereof so much money as will be equivalent to the duty so subsequently imposed on said articles and not previously paid by the vendees, and shall be entitled by virtue hereof, to be paid, and to sue for and recover the same accordingly."

By the act of March 3, 1863, which was in force when the contract was made, the defendant would have been assessed two per cent upon the value of the finished ship, and it is not disputed that as between these parties the defendant must have paid this tax, because the payment for the ship was to be "in full." The actual assessment was of a like percentage upon the hull only, and though the new law may lay other taxes on the materials used for rigging, &c., which would make the actual indirect burden upon vessels as great as before, concerning which we have not made inquiry, it is obvious that in this case of a ship nearly completed in May, and delivered within a few days after the act of June 30 was passed, the defendant must have escaped any such assessment, and in point of fact have been liable to an assessment of about seven hundred dollars on this ship, instead of about sixteen hundred dollars, which by his contract he appears to have expected to assume and pay.

It cannot be doubted that the intent of the 97th section of the new law is to throw upon the purchaser the burden of an unexpected tax, which by increasing the cost, is presumed to have increased to the same extent the value of the article. But here the defendant asks the plaintiffs to pay him seven hundred dollars more for what has cost him nine hundred dollars less than the parties must be supposed to have anticipated. His argument is that this tax was imposed by the new act, and that the parties in their contract made no provision for the contingency of a new law being enacted. We have examined this point with much care, because it must be of importance in a large class of contracts, and we are of opinion that the statute expresses what all must admit to have been the purpose of its framers. To enable the manufacturer to recover, it is not enough to show that the tax is assessed under the new law, which of course it must be, since the former law is repealed, but that the article to be delivered has had a duty imposed upon it by the new law to which it was not subject under the old. When this contract was made a tax existed by law upon ships, and this was in contemplation of the parties, and the defendant was to pay it. The new law provides for a tax on ships, but at the same moment, by repealing the former statute, abolishes a still larger duty. The defendant is to have from the plaintiffs a sum equivalent to the new imposition. Can this sum be ascertained except by looking at the net result to him of this enactment? Take the case of a simple re-enactment of the duty. The parties have made a contract, and the manufacturer is to pay the tax. It is assessed to him at the same time, and for the same amount as was expected, and he pays it and calls on his vendee to refund. The answer would be this tax is retained, not imposed by the statute. And so a fortiori of a tax reduced. The imposition to which the law refers is a new one, and not one merely retained or diminished. It must be not only a duty imposed on the particular ship by the assessor, under and by virtue of the new law, but a duty imposed on the general article of ships, by the new law, as contradistinguished from the old. In this sense, the only just one between contracting parties, and a perfectly fair and reasonable one in itself, the tax on ships, was not imposed by the new law.

If it be said that the act of 1864 imposed a duty for the first time upon the hulls of ships, it is enough to reply that the tax upon the completed vessel included the hull; and if a distinction is to be taken between the ship and the hull, then this tax upon the hull was not a tax upon the article contracted to be delivered, which was a ship.

Judgment must be entered for the plaintiffs for $736, and interest from July 21, 1864, and costs.